Charles N. Brizse, Respondent, *v.* Frederick J. Lisman et al., as Copartners under the Name of F. J. Lisman & Co., Appellants.

Appeal — amendment of judgment which does not materially affect its character or the rights of a party does not authorize appeal from said judgment after time to appeal had expired — when findings in favor of plaintiff not bar to defense to new action — when motion to set aside findings may not be made under section 999 of Code of Civil Procedure.

1. Unless the amendment of a judgment materially alters its character and materially alters the rights of the defendants, an appeal taken by them to the Appellate Division from the judgment long after their time to appeal to that court has expired, is properly dismissed.

**206**       BRIZSE *v.* LISMAN.

2. Findings in favor of plaintiff which were not and could not be followed by a judgment in his favor do not constitute a bar to a new action.

3. A party in whose favor judgment is entered may not move, under section 999 of the Code of Civil Procedure, to set aside findings in favor of his opponent in the action.

*Brizse* v. *Lisman*, 190 App. Div. 939, affirmed.

(Argued April 28, 1921; decided May 10, 1921.)

APPEAL, by permission, from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered February 5, 1920, dismissing the appeal of defendants from so much of a judgment in their favor entered upon a verdict as was amended by a subsequent order of the court permitting the insertion of recitals as to certain special findings therein.

*Joseph M. Hatfield* and *James A. Murphy* for appellants. The Appellate Division erred in affirming the order amending the judgment. (*Herpe* v. *Herpe*, 225 N. Y. 323; *Hubbard* v. *Copcutt*, 9 Abb. [N. S.] 289; *Bulkley* v. *Whiting Mfg. Co.*, 136 App. Div. 479; *Paoli* v. *East River Nat. Bank*, 154 N. Y. Supp. 192; *Gasz* v. *Stuck*, 3 N. Y. Supp. 830.)

*Henry M. Stevenson* for respondent. The judgment from a portion of which this appeal is taken was served with notice of entry more than thirty days before service of the notice of appeal and the right to appeal was, therefore, lost. (*Chernes* v. *Rosenwasser*, 181 App. Div. 837; *Yonkers Sav. Bank* v. *Fidelity & Casualty Co.*, 173 App. Div. 153; 224 N. Y. 728; *Fulton Co. G. & El. Co.* v. *H. R. T. Co.*, 200 N. Y. 287; *Hewitt* v. *City Mills*, 136 N. Y. 211; *Wilson* v. *Palmer*, 75 N. Y. 250; *Matter of Beckwith*, 87 N. Y. 503.)

ANDREWS, J. The complaint alleged that the plaintiff purchased of the defendants securities of the value of $83,752.50 under the agreement that the latter would

retake them at any time except in a time of panic and repay the purchase money. The answer denied the making of any such contract and as amended claimed that any tender to return the property was made in a time of panic. After a trial the jury found a general verdict for the defendants. They also made certain special findings. (Code Civ. Pro. sec. 1187.) Two of these findings, namely, that the contract alleged was in fact made and that the securities were tendered back within a reasonable time, were favorable to the plaintiff. The third, that this tender was made in a time of panic, was in favor of the defendants. Thereupon a motion was made by the latter on the judge's minutes, upon exceptions taken and upon all the grounds specified in section 999 of the Code, to set aside these first two findings. This motion was denied and a judgment reciting only the general verdict was entered in their favor. There was no appeal. Three years later on the plaintiff's motion this judgment was amended by inserting recitals as to these special findings and also, erroneously, that after they were made, the court directed a general verdict in favor of the defendants. The defendants appealed from this order and also from the judgment entered thereon, in this latter appeal stating that they intended to bring up for review the interlocutory order denying their motion to set aside the two findings to which they objected. The latter appeal was dismissed by the Appellate Division. The order amending the judgment was affirmed. Upon permission given by us an appeal was then taken to this court.

We cannot discuss the propriety of making such an amendment as was here made for unless the amendment of the judgment materially altered its character and materially altered the rights of the defendants not only had their time to appeal to the Appellate Division expired long before their notice of appeal was served, but they were not aggrieved by the action of the trial judge.

They seem to claim injury on the theory that these unfavorable special findings of the jury will be conclusive against them in any later action the same plaintiff may choose to bring against them. Clearly this is not so. The findings in favor of the plaintiff were not and could not be followed by a judgment in his favor. They do not constitute a bar. (*Springer* v. *Bien*, 128 N. Y. 99; *Rudd* v. *Cornell*, 171 N. Y. 114, 127; *Burlen* v. *Shannon*, 99 Mass. 200.) This would be equally true had these findings in fact constituted a special verdict and had the court thereon directed a general verdict for the defendants. We might add that so far as the motion to set aside the findings is concerned, we know of no rule that permits such a motion, made by the party in whose favor judgment is entered under section 999 of the Code.

The judgment appealed from should be affirmed, with costs.

HISCOCK, Ch. J., CHASE, HOGAN, CARDOZO, MCLAUGHLIN and CRANE, JJ., concur.

Judgment affirmed.