**Marvin H. GREENE and Lake Anne Realty Corp., Plaintiffs–Appellees, Cross–Appellants,**

v.

**TOWN OF BLOOMING GROVE; Supervisor and Town Board of the Town of Blooming Grove; Building Inspector of the Planning Board of the Town of Blooming Grove; and Board of Zoning Appeals of the Town of Blooming Grove, Defendants–Appellants, Cross–Appellees.**

Nos. 1200, 1377, Dockets 90–9025, 91–7043.

United States Court of Appeals, Second Circuit.

Argued April 3, 1991.

Decided June 10, 1991.

Patrick J. Maloney, New York City (D'Amato & Lynch, New York City, of counsel), for defendants-appellants, cross-appellees.

Charles G. Mills, Melville, N.Y. (Daren A. Rathkopf, Payne, Wood & Littlejohn, Melville, N.Y., of counsel), for plaintiffs-appellees, cross-appellants.

Before KAUFMAN, WINTER and MINER, Circuit Judges.

MINER, Circuit Judge:

Defendant-appellants/cross-appellees, Town of Blooming Grove and its Town Supervisor, Board, Building Inspector, Planning Board and Board of Zoning Appeals (collectively, "the Town") appeal from the amended portion of a judgment entered in the United States District Court for the Southern District of New York (Kram, J.). The action was brought under the provisions of 42 U.S.C. § 1983 (1988) ("section 1983") to redress the unconstitutional deprivation of a property right, a claim rejected in the jury verdict and the original judgment entered thereon. An amendment to the judgment declared a property right under state law. The amendment was based on a jury finding, in answer to one of the questions posed by the court in a special verdict form, that under New York law plaintiff-appellee/cross-appellant Marvin H. Greene held a vested property right to develop a 136–acre parcel of land he owned in Blooming Grove in a manner that did not conform with current town zoning regulations. Greene and Lake Anne Realty Corporation (collectively, "Greene"), a company of which Greene is the sole shareholder

and officer, cross-appeal from the portion of the judgment, entered upon the jury verdict, determining that the Town had not unconstitutionally deprived them of any property right.

Each of the eight claims (designated as "causes of action" in Greene's complaint) originally pleaded by Greene was premised on the contention that the Town's use of its zoning powers to deny his applications for building permits constituted a deprivation of property without due process under section 1983. The third cause of action was based on the Town's amendment to its zoning ordinance in 1974. That amendment foreclosed Greene from using the undeveloped portion of his land for the extension of his existing bungalow colony. Although it was not contested that Greene had a right of nonconforming use as to the 123 bungalow units already built, the issue dividing the parties was whether his right had vested with respect to the planned expansion of the resort over the entire 136–acre parcel. Thus, in the third cause of action, Greene sought a declaration that he had "a valid vested right to improve [the] bungalow colony by the addition of an additional 419 units in accordance with the provisions of the [Town] zoning ordinance in force prior to the adoption of the Zoning Ordinance of 1974" and a direction that the Town issue him a permit to build the 419 units. The Town moved for summary judgment dismissing the complaint, which the district court granted. On appeal, we reversed and remanded as to that portion of the summary judgment dismissing Greene's third cause of action, finding a triable issue of fact as to "whether Greene's nonconforming bungalow colony use includes, as a matter of property right under New York law, the construction of the additional bungalow units." *Greene v. Blooming Grove*, 879 F.2d 1061, 1066 (2d Cir.1989) ("*Greene I* ").

On this appeal, we hold that the district court erred in exercising jurisdiction over an unpleaded pendent claim to grant declaratory relief to Greene on an issue of state law after the jury had found for the Town on the federal claim and after the

district court had entered a judgment, pursuant to the jury's special verdict, dismissing the entire complaint. Accordingly, we reverse the portion of the judgment granting declaratory relief. We affirm the portion of the judgment entered upon the jury verdict in favor of the Town upon the section 1983 claim.

## BACKGROUND

Familiarity with *Greene I,* in which we described in detail the dispute underlying this action, is presumed. Here, we recite only those facts relevant to this appeal.

In accordance with *Greene I,* a jury trial on the third cause of action was held in February, 1990. In this claim, Greene alleged that the Town's amendment to its zoning ordinance in 1974, under which his planned expansion of a bungalow colony resort over the entire 136–acre parcel became reclassified as an impermissible use of the land, amounted to an unconstitutional deprivation of a property right. Greene argued that his right to expand the bungalow colony by the construction of an additional 419 units had vested prior to the adoption of the 1974 amended ordinance.

With the consent of the parties, the district court submitted to the jury a special verdict form. The jury responded in the affirmative to the first question contained in the special verdict: "Does the vested nonconforming use of [Greene's] bungalow colony extend to the entire 136 acres previously approved for bungalow colony use?". However, the jury answered in the negative to the next question: "With respect to [Greene's] claim that the refusal of the Town … to permit the building of additional bungalow colony units on the undeveloped portion of [the] bungalow colony deprived [him] of a property right protected by the United States [C]onstitution in violation of [section 1983], [has] [Greene] proven this claim by a preponderance of the evidence?". Because of its answer to the second question, the jury did not respond to the third question, which concerned the amount of damages to be awarded plaintiffs upon a finding of liability.

Immediately after the jury announced its verdict, the Town orally moved in open court for "dismissal of the finding of the state law property right since the jury verdict finding no violation of [section 1983] … divested the [court of] subject matter jurisdiction over the state law claim." Although Greene had not pleaded separately a cause of action under New York state law, the district court and the parties apparently assumed at that point, without previous discussion of the subject, that there was in the case a pendent state law claim to declare that Greene's vested right to a nonconforming use extended to the entire parcel of land. Judge Kram stated that she would withhold decision on the Town's motion while she considered it further.

On February 28, 1990, judgment in accordance with the jury verdict was entered in the district court dismissing the complaint; the judgment made no reference to any disposition of the Town's oral motion to dismiss the finding of a state law property right. On March 8, Greene moved under Fed.R.Civ.P. 59(e) and 60 to amend the judgment dismissing the complaint to include a declaration that Lake Anne held a vested right of non-conforming use for the entire 136 acres and to order that the Town issue a building permit to him. In response, the Town submitted a brief, in which it argued that no claim that the right existed had been asserted as a cause of action under state law. In an opinion dated October 22, 1990, the district court denied the Town's oral motion to dismiss Greene's "pendent claim" and granted declaratory relief to Greene, amending the judgment of dismissal to provide that "Marvin H. Greene has a valid vested right to improve the bungalow colony … by the construction of an additional 419 units" in conformance with the pre–1974 zoning ordinance. However, Judge Kram denied Greene's request for an order that the Town issue a building permit.

## DISCUSSION

■ When a claim under section 1983 is based on an alleged deprivation of prop-

erty in violation of the fourteenth amendment, a court must make

the following inquiry: (a) whether a property right has been identified; (b) whether governmental action with respect to that property right amounts to a deprivation; and (c) whether the deprivation, if one be found, was visited upon the plaintiff without due process of law.

*Fusco v. Connecticut*, 815 F.2d 201, 205 (2d Cir.), *cert. denied*, 484 U.S. 849, 108 S.Ct. 149, 98 L.Ed.2d 105 (1987); *see also Parratt v. Taylor*, 451 U.S. 527, 536–37, 101 S.Ct. 1908, 1913–14, 68 L.Ed.2d 420 (1981), *overruled in part on other grounds, Daniels v. Williams*, 474 U.S. 327, 328, 106 S.Ct. 662, 663, 88 L.Ed.2d 662 (1986). The extent and nature of a property right protected by the fourteenth amendment, as well as whether the right exists at all, are determined by reference to state law. *Cf. Mennonite Board of Missions v. Adams*, 462 U.S. 791, 798, 103 S.Ct. 2706, 2711, 77 L.Ed.2d 180 (1983); *Fusco*, 815 F.2d at 205–06. In this case, the determination of Greene's property right was a necessary prerequisite to a determination of the claim asserted under section 1983. It was not made in response to a separate and distinct pendent claim for which relief had been sought. *See Ruiz v. Estelle*, 679 F.2d 1115, 1157–59 (5th Cir.), *aff'd in part, vacated in part*, 688 F.2d 266 (5th Cir. 1982) (per curiam), *cert. denied*, 460 U.S. 1042, 103 S.Ct. 1438, 75 L.Ed.2d 795 (1983).

■ The exercise of pendent jurisdiction where a pendent claim is pleaded is within the discretion of the district court, and is "not [the] plaintiff's right." *United Mine Workers v. Gibbs*, 383 U.S. 715, 726, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218 (1966); *see also Mayor of Philadelphia v. Educational Equality League*, 415 U.S. 605, 627, 94 S.Ct. 1323, 1336, 39 L.Ed.2d 630 (1974). If a pendent claim to declare a state property right had been pleaded, we would review under an abuse of discretion standard the district court's decision to exercise pendent jurisdiction by declaring Greene's vested right pursuant to New York law, considering factors of judicial economy, convenience and fairness to the parties, and whether the claims were so interrelated

that Greene normally would be expected to try them together. *See Gibbs*, 383 U.S. at 725–26, 86 S.Ct. at 1138–39.

Here, however, no pendent state claim ever was before the district court. Greene never pleaded a state claim separately, never raised one as a discrete claim during the lengthy course of this litigation and only sought relief premised solely on state law after the district court already had entered judgment dismissing the action pursuant to the jury's verdict. In its Memorandum Opinion and Order granting the motion to amend the judgment, the district court correctly stated that Greene's "state claim," "if pleaded in the amended complaint and retained after remand in the pre-trial order, would be pendent to the § 1983 claim." However, the district court erred when it assumed that a state claim was pleaded in the amended complaint and proceeded to exercise jurisdiction over a pendent state claim that had been neither pleaded nor raised during the long course of the action.

■ A plaintiff may invoke federal jurisdiction over a state law claim appended to a federal claim where the pendent claim and federal claim share a common nucleus of operative fact. *Gibbs*, 383 U.S. at 725, 86 S.Ct. at 1138; *see, e.g., Federman v. Empire Fire & Marine Ins. Co.*, 597 F.2d 798, 810 (2d Cir.1979); *Harris v. Steinem*, 571 F.2d 119, 122 n. 7 (2d Cir.1978). However, Greene never asserted a state claim in his amended complaint, and we find in the record before us no mention by Greene of any pendent state law claims during the proposal of jury charges, the formulation of the special verdict form to be submitted to the jury, or at the time the jury rendered its verdict. In opening remarks, counsel for Greene described the action to the jury as one arising under section 1983 and involving an unconstitutional deprivation by the Town. The fact that the Town indicated after the verdict that it believed a pendent claim had been raised against it does not aid Greene, who simply failed to assert the claim. Thus, it seems clear that the finding on the state law issue merely established one of the elements of the section 1983 claim, and we hold that the dis-

trict court's exercise of pendent jurisdiction was improper under the circumstances. *Cf. Haywood v. Ball,* 586 F.2d 996, 1000 (4th Cir.1978) (plaintiff who pleaded claims under section 1983 and under common law of negligence entitled to relief based on jury's verdict for him on pendent claim, notwithstanding jury's verdict for defendants on federal claim).

Greene argued in his post-trial motion (but failed to argue on appeal) that he had met the requirements for asserting a pendent state claim, even though unpleaded, citing *Leather's Best, Inc. v. S.S. Mormaclynx,* 451 F.2d 800, 809 (2d Cir.1971). In *Leather's Best,* a shipper was awarded damages in an action asserted under the Carriage of Goods by Sea Act ("COGSA") against the owner of the pier from which the shipper's goods were stolen and against the carrier which had delivered the goods to the pier. *Id.* at 807–08. Addressing the issue of jurisdiction *sua sponte,* this Court held that, even though the shipper pleaded the action in admiralty and the pier owner was not susceptible to a suit in admiralty, the district court had power to hear the unpleaded claim as an exercise of its pendent jurisdiction because "[t]he heart of the shipper's complaint [under COGSA] is that the loss of the [goods] was the result of the negligence of [the pier owner]." *Id.* at 808.

Although the court in *Leather's Best* eschewed "an 'unnecessarily grudging' approach to the question of power to hear the pendent claim" and stated that, under *Gibbs,* the analysis should "focus[ ] upon the relationship between the facts underlying the state and federal claims," *id.* at 809, *Leather's Best* is distinguishable from this case. There, the action was grounded in admiralty, in which "[p]leadings ... have traditionally been read with liberality." *Id.* at 808. Moreover, the federal claim pleaded in the shipper's complaint and the unpleaded pendent claim were based on the same theory (*i.e.,* negligence); therefore, the shipper's presentation at trial of his case fairly apprised the pier owner of the unpleaded claim against him, and the pier owner was not prejudiced by this Court's decision to allow the shipper to proceed with the pendent claim on remand.

By contrast, the Town here was not fairly apprised of an unpleaded pendent claim by Greene's introduction of evidence supporting his contention that he held a nonconforming use to build an additional 419 bungalow units, because Greene was required to present such evidence in order to maintain his only pleaded claim. *Cf. Grand Light & Supply Co. v. Honeywell, Inc.,* 771 F.2d 672, 680–81 (2d Cir.1985) (post-trial amendment of pleadings to add claim to conform with evidence not permitted unless unpleaded claim actually has been tried and opposing party has opportunity to defend against it). Had the Town known that Greene sought a declaration that his right of nonconforming use extended across the entire parcel of land as a claim independent of the section 1983 claim, it might have undertaken its defense in a different manner. However, the combination of the pleadings, arguments and the evidence offered at trial gave notice to the Town that it was required to defend only a section 1983 claim for unconstitutional deprivation of a property right. It was this deprivation that was at the "heart" of Greene's complaint.

Our decision here can hardly be said to represent an overly formalistic approach to the assertion of claims. Not only did Greene fail to assert a pendent claim in his pleadings but, as discussed above, he attempted to do so only after judgment had been entered in the litigation. However, the jury's finding that the vested right extended to the entire parcel of land may yet prove to be of some benefit to Greene. The finding may have collateral estoppel effect if Greene seeks in state court to compel the issuance of a building permit. *Compare Neulist v. Nassau County,* 108 Misc.2d 160, 166–69, 437 N.Y.S.2d 239, 245–46 (Sup.Ct.1981) (element of action for malicious prosecution collaterally barred from being relitigated after identical issue determined as part of section 1983 action in federal court), *aff'd,* 88 A.D.2d 587, 450 N.Y.S.2d 762 (2d Dep't 1982), *appeal denied,* 57 N.Y.2d 606, 441 N.E.2d 568, 455 N.Y.S.2d 1025 (1982) *with Brizse v. Lisman,* 231 N.Y. 205, 207–08, 131 N.E. 891,

891 (1921) (special verdict findings by jury for plaintiff in case where ultimate verdict rendered in favor of defendants held to have no collateral estoppel effect against defendants in any future action brought by plaintiff against defendants).

 Since we have concluded that the district court abused its discretion in exercising pendent jurisdiction over the state law component of the section 1983 claim, we hold that it was error to amend the judgment under Fed.R.Civ.P. 59(e) and 60. The "narrow aim" of Rule 59(e) is " 'to mak[e] clear that the district court possesses the power' to rectify its own mistakes in the period immediately following the entry of judgment." *White v. New Hampshire Dep't of Employment Security*, 455 U.S. 445, 450, 102 S.Ct. 1162, 1165, 71 L.Ed.2d 325 (1982) (footnote omitted). Similarly, Rule 60 permits amendment where the original judgment contains clerical error, and was premised on "mistake, inadvertence, surprise or excusable neglect." *See Morgan Guaranty Trust Co. v. Third Nat'l Bank of Hampden Cty.*, 545 F.2d 758, 760 (1st Cir.1976). However, neither rule is applicable here. Once the jury had found the Town not liable under section 1983, which was the only claim tried, the district court's only remaining task was the entry of judgment dismissing the claim. *Cf. Continental Cas. Co. v. Howard*, 775 F.2d 876, 883 (7th Cir.1985) ("[a] motion to amend the judgment ... is appropriate if the court in the original judgment has failed to give relief on a claim on which it has found that the party is entitled to relief."), *cert. denied*, 475 U.S. 1122, 106 S.Ct. 1641, 90 L.Ed.2d 186 (1986).

We have examined Greene's remaining contentions and find them to be without merit.

## CONCLUSION

We affirm the portion of the amended judgment that dismisses the claim under 42 U.S.C. § 1983 and reverse the portion of the amended judgment that declares a vested right in the extension of the noncon-forming use of the undeveloped portion of the bungalow colony property.